FILED
07/31/2020
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 5, 2020 Session

## BARRY CHARLES BLACKBURN EX REL. BRITON B. v. MARK A. MCLEAN, ET AL.

Appeal from the Circuit Court for Maury County
No. 15513     J. Russell Parkes, Judge

No. M2019-00428-COA-R3-CV

This is a wrongful death healthcare liability action against two defendants, a hospital and an emergency room physician. Following extensive discovery and scheduling orders, the physician defendant filed a motion for summary judgment, and the hospital joined in the motion. The trial court granted each defendant partial summary judgment by dismissing 17 claims alleging the defendants breached standards of care. When the hospital filed its motion to summarily dismiss the remaining claims against it, the plaintiff filed a response and a motion to substitute his physician expert witness for a different expert witness. The defendants opposed the motion, and the trial court denied the motion to substitute the plaintiff's expert witness. The court also summarily dismissed all remaining claims against the hospital, leaving only the claims against the emergency room physician for trial. Upon motion of the plaintiff, the court certified the summary dismissal of all claims against the hospital as a final judgment pursuant to Tenn. R. Civ. P. 54.02. This appeal followed. We have determined that the trial court erred in certifying the order as a final judgment under Tenn. R. Civ. P. 54.02 because, *inter alia*, any decision we make regarding the adjudicated claims against the hospital may encroach upon the unadjudicated claims to be tried against the emergency room physician. Moreover, there is no basis upon which to conclude that an injustice may result from the delay in awaiting adjudication of the entire case. Therefore, there is a just reason for delaying the expedited appeal of the summary dismissal of all claims against the hospital. Accordingly, we vacate the trial court's order certifying the judgment as final under Rule 54.02 and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Vacated and Remanded**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Joseph P. Bednarz, Jr., Hendersonville, Tennessee, for the appellant, Barry Charles Blackburn ex rel. Briton B.

Robert L. Trentham, Taylor B. Mayes, and James A. Beakes, III, Nashville, Tennessee, for the appellee, Maury Regional Hospital d/b/a/ Maury Regional Medical Center.

Marty R. Phillips and Michelle Greenway Sellers, Jackson, Tennessee, for the appellee, Mark A. McLean, M.D.

**OPINION**

On September 17, 2014, Cody Charles Blackburn ("Mr. Blackburn") presented to the emergency room of Maury Regional Hospital ("Maury Regional") via ambulance shortly after 10:00 a.m. with chest pain and shortness of breath. Dr. Mark McLean ("Dr. McLean") was Mr. Blackburn's treating physician. Medical personnel performed serial EKGs, a lab work-up, and x-rays, and later that afternoon, Mr. Blackburn had a CT scan. Shortly following his CT scan, at approximately 3:00 p.m., Mr. Blackburn died of cardiac arrest.

On January 12, 2016, Mr. Blackburn's father, as the next friend and grandfather of Mr. Blackburn's minor son ("Plaintiff"), filed a healthcare liability action in the Maury County Circuit Court against Dr. McLean and Maury Regional (collectively, "Defendants"). Plaintiff claimed that Dr. McLean and Maury Regional were negligent in failing to provide reasonable care and treatment to Mr. Blackburn, thereby causing his death. Defendants filed separate answers denying liability.

The parties proceeded with discovery, and pursuant to Rule 26 of the Tennessee Rules of Civil Procedure, the parties disclosed their expert witnesses. Plaintiff disclosed one expert, Dr. Richard Sobel ("Dr. Sobel"), who would testify to the standard of care of emergency room physicians, and another expert, Dr. Keith Allen ("Dr. Allen"), who would testify to causation. Plaintiff also disclosed a nurse expert witness, Lori Jaggers Alexander, DNP, MSN, RN ("Nurse Alexander") to testify to the standard of care for nurses.

On August 25, 2017, the trial court issued a subpoena duces tecum for Dr. Sobel to appear for his deposition on October 4, 2017. The subpoena identified a number of documents, including copies of relevant 1099s from 2012 to 2016, or other similar documents, which would allow Dr. Sobel to answer questions regarding the total income he received as an expert witness.

Four days prior to Dr. Sobel's deposition, Plaintiff's counsel sent defense counsel a letter informing them that Dr. Sobel objected to many of the documents requested in the subpoena. Consequently, when Dr. Sobel presented for his deposition on October 4, he did not produce any of the documents set forth in the subpoena and was unable to accurately

answer questions regarding the income he earned as an expert witness. Dr. Sobel testified that he preferred not to give causation testimony and would only testify to the standard of care. He testified that Mr. Blackburn died due to delayed treatment, but then testified that he could not "properly tell a jury if [Mr. Blackburn] would have survived with this CT under these circumstances."

At his deposition, Dr. Allen testified that medical personnel erred by failing to conduct an expedited CT scan. But Dr. Allen also testified that Mr. Blackburn "would probably be alive" had he sought treatment earlier, and the treatment was the same as provided by Defendants.

Thus, on January 2, 2018, Dr. McLean filed a Motion to Amend Answer to assert the comparative fault of Mr. Blackburn for failure to seek earlier medical treatment, and Maury Regional joined in the motion. Dr. McLean also filed a motion to compel the production of documents subpoenaed from Dr. Sobel. Specifically, Dr. McLean sought production of Dr. Sobel's 1099s from 2012 to 2016 which would allow Dr. Sobel to testify to the income he earned as an expert witness.

On March 9, 2018, the court heard arguments on both motions and granted them, compelling Dr. Sobel to submit his 1099s but allowing him to do so under a protective order. The trial court also allowed Defendants to amend their answers to assert comparative fault and stated that it would be willing to grant a continuance to allow Plaintiff to address the comparative fault allegation, but Plaintiff declined at that time.

Dr. McLean filed a Motion for Summary Judgment as to Standard of Care Claims for which there is No Expert Causation Support; Maury Regional joined in Dr. McLean's motion. Thereafter, Plaintiff filed a response to the summary judgment motion, citing to Dr. Sobel's Rule 26 Disclosure, an Affidavit and letter of Dr. Sobel, and Dr. Sobel's and Dr. Allen's deposition testimony.

The trial court heard arguments on the summary judgment motion on April 30, 2018, and granted partial summary judgment to Defendants. The court declined to consider Dr. Sobel's Rule 26 Disclosure because it was not sworn testimony and determined that Dr. Sobel's affidavit, and the depositions of Dr. Sobel and Dr. Allen did "not rise to the level of disputing the material facts set forth by Defendant McLean." Specifically, the court dismissed 17 standard of care claims pertaining to both Defendants, determining that Plaintiff could not prove that Defendants' breach of the standard of care in those 17 instances caused Mr. Blackburn's death.

After Dr. Sobel produced his 1099s as ordered by the court, Dr. McLean filed a motion to lift the protective order. Plaintiff filed a motion for a continuance to address Defendants' comparative fault allegations. Those motions were also heard on April 30, 2018. The trial court lifted the protective order pertaining to Dr. Sobel's 1099s, finding that

the 1099s were inconsistent with Dr. Sobel's deposition testimony regarding the income he made as an expert witness. The court also found that "information regarding Dr. Sobel's income earned as an expert witness is already public knowledge by virtue of Dr. Sobel's prior testimony in open court." In a separate order, the court granted Plaintiff's motion for a continuance "to allow Plaintiff to obtain a cardiologist to respond to defendant's comparative fault allegation as to Cody Blackburn." The court further ordered that "Plaintiff may not identify or use any new expert witness to backdoor and address any issue other than the comparative fault of Cody Blackburn."

Thereafter, Plaintiff filed a motion to alter or amend the court's order limiting Plaintiff's expert proof, contending that "justice requires that discovery be reopened and that Plaintiff be allowed to get new experts to address all of the issues in this case." Additionally, Plaintiff filed a motion to alter or amend the court's order granting partial summary judgment to Dr. McLean and Maury Regional. As to both motions, in the alternative, Plaintiff filed a motion requesting permission to file an appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. On August 13, 2018, the trial court heard arguments on Plaintiff's motions and denied them. On September 29, 2018, Plaintiff filed a Rule 10 Application for an Extraordinary Appeal, which this court denied.

On November 19, 2018, Maury Regional filed a separate Motion for Summary Judgment as to the Standard of Care Claims of the Plaintiff's Nurse Expert Lori Jaggers Alexander, DNP, MSN, RN not Properly Supported by Expert Proof of Causation. On January 22, 2019, Plaintiff filed a Motion to Substitute Expert Witness seeking to replace Dr. Sobel with Dr. William Lunders, an emergency room physician. Plaintiff claimed that "the production of Dr. Sobel's tax returns put a great strain on the relationship between Plaintiff's counsel and Dr. Sobel," which resulted in Dr. Sobel's withdrawal from the case on January 16, 2019. Plaintiff then filed his response in opposition to Maury Regional's summary judgment motion. Defendants filed a joint response in opposition to Plaintiff's motion to substitute Dr. Sobel as an expert witness.

On February 19, 2019, the court denied Plaintiff's motion to substitute Dr. Lunders for Dr. Sobel and granted Maury Regional's motion for summary judgment. Specifically, the court ruled:

> 3. The Court has on a number of previous occasions ruled that Dr. Sobel's previously filed Affidavit, Rule 26 Disclosure and deposition testimony on causation were not sufficient to support any of his standard of care criticisms of [Maury Regional] and has previously granted [Maury Regional] summary judgment on all of Dr. Sobel's standard of care criticisms directed to [Maury Regional].

- 4 -

4. Consistent with its prior rulings the Court finds that Dr. Sobel's opinions on causation are also not sufficient to support any of Nurse Alexander's standard of care criticisms of [Maury Regional].

5. Nurse Alexander is not competent under Tennessee law to offer any opinions on causation.

6. For the foregoing reasons the Court finds that there are no material issues of fact in dispute between the parties and that [Maury Regional] is entitled to Summary Judgment as to all of Nurse Alexander's standard of care criticisms of [Maury Regional] on the grounds that they are not properly supported by expert proof of causation and therefore cannot be introduced into evidence against [Maury Regional].

7. Because the Court has previously granted Summary Judgment to [Maury Regional] excluding all of Dr. Sobel's standard of care criticisms against [Maury Regional] and because the Court has now excluded all of Nurse Alexander's standard of care criticisms of [Maury Regional] the Court finds that the Plaintiffs have no competent expert proof to support any standard of care claims against [Maury Regional] and that [Maury Regional] is therefore entitled to Summary Judgment as a matter of law dismissing all of Plaintiffs' claims against it.

Finding "no just reason for delay," the court certified the order as a final judgment pursuant to Tenn. R. Civ. P. 54.02.

The remaining claims against Dr. McLean were set for trial; however, the court entered an order continuing the trial and staying the proceedings to allow Plaintiff to appeal the order granting summary judgment to Maury Regional. The court did so, noting that, if the appellate court upholds the court's decision to deny Plaintiff's motion to substitute Dr. Sobel, "then Plaintiff will have no expert proof as to the standard of care of Defendant McLean and the entire case will be dismissed."

Plaintiff appealed the trial court's summary dismissal of all claims against Maury Regional, raising the following issues:

1. Whether the trial court erred in allowing the Defendants to amend their Answer to assert a comparative fault defense against the Plaintiff on the eve of trial.

2. Whether the trial court erred in not allowing the Plaintiff to reveal new experts after the Defendants amended their answers to assert a comparative fault defense against the Plaintiff.

3. Whether the trial court erred in refusing to allow Plaintiff to replace his emergency room physician expert, Richard Sobel, M.D., when he became an unavailable witness.

4. Whether the trial court erred in granting summary judgment to Maury Regional Medical Center.

5. Whether the trial court erred in granting partial summary judgment to Maury Regional based upon their joinder in a Motion for Partial Summary Judgment filed by Dr. McLean.

6. Whether the court erred in allowing the Defendants to obtain information regarding Dr. Sobel's income from testifying as an expert witness.

7. Whether the trial court erred in awarding sanctions for failing to comply with a subpoena issued by the State of Georgia.

8. Whether the trial court erred in lifting the protective order relating to Dr. Sobel's income.

In response, Maury Regional filed a motion to strike every issue, except for issue four, because those issues related to interlocutory orders that affected the claims still pending in the trial court against Dr. McLean. Likewise, Dr. McLean filed a motion to dismiss Plaintiff's appeal with regard to orders and issues pertaining to him because they were not certified as final. In response to both motions, Plaintiff argued that appellate review of the interlocutory orders was necessary "for a complete review and understanding of [Plaintiff's] issues" with regard to the final order dismissing Plaintiff's claims against Maury Regional.

This court entered an order denying both motions without prejudice and directing the parties to address the issues in their briefs. Additionally, we permitted Dr. McLean to file a brief and to participate in the appeal as an appellee.

**ANALYSIS**

The issues raised by Plaintiff notwithstanding, we have determined that the dispositive issue is whether the trial court erred in certifying the judgment in favor of Maury Regional as a final judgment under Rule 54.02.

In accordance with Tenn. R. App. P. 3, only final judgments entered by the trial court are appealable as of right. A trial court order "that adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the

claims, rights, and liabilities of all parties." *Id*. This rule enhances judicial economy and prevents "piecemeal appeals in cases which should be reviewed only as single units." *E Sols. For Buildings, LLC v. Knestrick Contractor, Inc*., No. M2017-00732-COA-R3-CV, 2018 WL 1831116, at *4 (Tenn. Ct. App. Apr. 17, 2018).

Nevertheless, appellate courts have jurisdiction to review orders that adjudicate fewer than all claims or the rights of fewer than all parties when the trial court certifies the order as final under Tenn. R. Civ. P. 54.02, which provides:

> When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the Court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Thus, Rule 54.02 provides "a limited exception to the policy against piecemeal appeals, **lest an injustice result from the delay in awaiting judgment of a distinctly separate claim until adjudication of the entire case**." *Mann v. Alpha Tau Omega Fraternity*, 380 S.W.3d 42, 48 (Tenn. 2012) (citing Robert Banks, Jr. & June F. Entman, *Tennessee Civil Procedure*, § 11-3(d), at 11-29 (2nd ed. 2004); *Curtiss–Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 7–10, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980); *Fox v. Fox,* 657 S.W.2d 747, 749 (Tenn.1983)) (emphasis added).

This court applies a two-prong standard of review to questions concerning a Rule 54.02 certification. *Carr v. Valinezhad*, M2009-00634-COA-R3-CV, 2010 WL 1633467, at *2 (Tenn. Ct. App. Apr. 22, 2010). The determination of whether an order disposes of one or more but fewer than all of the claims or parties is a question of law that we review de novo. *Id*. Whether the trial court properly found that there was no just reason for delay (lest an injustice result from the delay in awaiting judgment) is reviewed under the abuse of discretion standard. *Id*.

With reference to the second prong, the abuse of discretion standard of review does not permit a reviewing court to substitute its discretion for that of the trial court. *Lee Med., Inc. v. Beecher,* 312 S.W.3d 515, 524 (Tenn. 2010). Nevertheless, the abuse of discretion standard of review does not immunize a trial court's decision from any meaningful appellate scrutiny. *Id*.

> [R]eviewing courts should review a [trial] court's discretionary decision to determine (1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the [trial] court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the [trial] court's decision was within the range of acceptable

alternative dispositions. When called upon to review a lower court's discretionary decision, the reviewing court should review the underlying factual findings using the preponderance of the evidence standard contained in Tenn. R. App. P. 13(d) and should review the [trial] court's legal determinations de novo without any presumption of correctness.

*Id*. at 524–25 (internal citations omitted).

Because the trial court's order disposes of all claims against Maury Regional, it meets the first requirement for a Rule 54.02 certification. Therefore, we must consider whether the trial court properly determined that there was no just reason for delay. In so doing, we look at the following factors:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the [trial] court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*Brown v. John Roebuck & Assocs., Inc.*, No. M2008-02619-COA-R3-CV, 2009 WL 4878621, at *8 (Tenn. Ct. App. Dec. 16, 2009) (quoting *Gen. Acquisition, Inc. v. GenCorp., Inc.*, 23 F.3d 1022, 1030 (6th Cir. 1994)).

Considering the first factor—the relationship between the adjudicated and unadjudicated claims—we find that, under the unique facts of this case, the unadjudicated claims against Dr. McLean and the adjudicated claims against Maury Regional are so inextricably linked that it substantially complicates our review. This is because, in order to review the trial court's decision to summarily dismiss Plaintiff's claims against Maury Regional, it is necessary for us to review the order granting partial summary judgment to both Maury Regional and Dr. McLean. That order is still interlocutory as it pertains to Dr. McLean; thus, it is subject to revision at any time before entry of a final judgment adjudicating all claims against him. *See* Tenn. R. App. P. 3.

A review of the order granting summary judgment to Maury Regional also requires this court to consider whether the trial court erred by denying Plaintiff's motion to substitute Dr. Lunders for Dr. Sobel as his expert witness. Deciding that issue now could lead to an unjust result, considering the claims that are still pending in the trial court against Dr. McLean. This is because Plaintiff's remaining claims against Dr. McLean are based on Dr. Sobel's expert opinion. Moreover and significantly, the trial court recognized this

possible consequence in its order staying the proceedings against Dr. McLean. The trial court noted that, if this court affirms the trial court's decision to deny Plaintiff's motion to substitute Dr. Lunders for Dr. Sobel, "then Plaintiff will have no expert proof as to the standard of care of Defendant McLean" and the case against Dr. McLean will be dismissed.

Realizing that our decision in this appeal could lead to an unjust result because of the claims that are still pending in the trial court against Dr. McLean, *see Mann*, 380 S.W.3d. at 48, and the possibility that we may be obliged to consider the same issue a second time, *Brown*, 2009 WL 4878621, at *8, we have determined that the trial court erred in designating its order dismissing all claims against Maury Regional as a final judgment pursuant to Rule 54.02.

## IN CONCLUSION

Therefore, the trial court's order certifying the judgment dismissing all claims against Maury Regional as a final judgment pursuant to Rule 54.02 is vacated, and this matter is remanded for further proceedings consistent with this opinion. Costs of appeal are assessed equally against Barry Charles Blackburn and Maury Regional Hospital d/b/a/ Maury Regional Medical Center.

_____
FRANK G. CLEMENT JR., P.J., M.S.